USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :         **19 CR 643 (VM)**
       -against-                    :         **DECISION AND ORDER**
                                    :
ANDREW BURRELL,                     :
                                    :
              Defendant.            :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

On September 9, 2019, defendant Andrew Burrell ("Burrell") was indicted on one count of a violent crime in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3), (a)(5), and 2. (See "Indictment," Dkt. No. 2.). Burrell now moves the Court for an Order either dismissing the Indictment or transferring the instant case to the Honorable Judge Lorna Schofield. (See "Motion," Dkt. No. 68.) The Court hereby denies the Motion.

## I. BACKGROUND

On October 4, 2017, Burrell was indicted in United States v. Burrell, No. 17 CR 610 (S.D.N.Y.) (the "Killbrook Case") on three separate counts related to his participation in a racketeering enterprise known as the Killbrook street gang. (See Killbrook Case, Dkt. No. 2.) Judge Schofield presided over the Killbrook Case. (See Killbrook Case, Dkt. No. 19.) On May 22, 2018, Burrell pled guilty in the Killbrook Case, pursuant to a plea agreement, to one count of participating

1

in a racketeering conspiracy and one count of participating in a narcotics conspiracy. (See "Plea Agreement," Dkt. No 69-2.) As relevant to this Motion, the Plea Agreement stated:

> In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for: (1) conspiracy to commit racketeering, as charged in Count One of the Indictment; and (2) conspiracy to distribute 28 grams or more of crack cocaine . . . .

(Id. at 2.)

On April 19, 2019, the U.S. Attorney's Office for the Southern District of New York issued a subpoena to the New York City Department of Corrections, which named Burrell, for various materials. The evidence produced pursuant to this subpoena led, at least in part, to the present Indictment. Those materials have since been produced to the defense as discovery in this matter. On May 21, 2019, a month after this subpoena was issued, Burrell was sentenced to 100 months' imprisonment in the Killbrook Case.

As noted above, Burrell was indicted in the present case on September 9, 2019. The Indictment alleges that Burrell was a member of the "MacBallas" street gang and committed a violent act while incarcerated in furtherance of that enterprise on June 17, 2017. (See Indictment.)

On April 9, 2021, Burrell filed the preset Motion, arguing that prosecuting the Indictment violates the terms of his Plea Agreement. (See Motion.) On April 30, 2021, the Government opposed the motion, arguing that the plain terms of the Plea Agreement do not preclude the present Indictment such that both dismissal and transfer are unwarranted. (See "Opposition," Dkt. No. 74.) On May 10, 2021, Burrell submitted a reply brief in support of his motion. (See "Reply," Dkt. No. 75.) The Court has considered each of these submissions, along with the attached exhibits, in connection with this Order.

## II.  DISCUSSION

A.  MOTION TO DISMISS

Burrell argues that the Court should dismiss the indictment as a contravention of the Plea Agreement in the Killbrook Case. (See Motion at 3-5.) Plea agreements are generally "interpreted according to principals of contract law." United States v. Gregory, 245 F.3d 160, 165 (2d Cir. 2001). But plea agreements "are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain." In re Altro, 180 F.3d 372, 375 (2d Cir. 1999). "Because the government ordinarily has certain awesome advantages in bargaining power, any ambiguities in the agreement must be resolved in favor of the

3

defendant." United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002) (internal quotation marks omitted). "In deciding whether a plea agreement has been breached, a court must look to what the parties to the plea agreement reasonably understood to be its terms." United States v. Lovaglia, 954 F.2d 811, 817 (2d Cir. 1992).

Here, the Court is persuaded that the Government has not breached the plain terms of the Plea Agreement. Under the Plea Agreement, the Government agreed to not further prosecute Burrell for participating in a racketeering conspiracy as charged in Count One of the Killbrook Case indictment. (See Plea Agreement at 2.) Count One of the Killbrook Case charged Burrell with participation in the *Killbrook* street gang from approximately 2007 to October 2017. (See Killbrook Case, Dkt. No. 2, at 2-5.) The Indictment in the present case, on the other hand, does not charge Burrell with further participation in the Killbrook enterprise, but rather, with his conduct in connection with the *MacBallas* street gang. Thus, by its plain terms, the Plea Agreement does not bar the charges in the instant case.

A deeper examination of both the Plea Agreement and Killbrook Case indictment show further that the present case is not barred. For instance, the Killbrook Case indictment makes no mention of the MacBallas street gang. In addition,

4

the Killbrook Case indictment alleges that the Killbrook street gang operated only in the Mill Brook Houses in the Bronx. (See Dkt. No. 69-1, at 1.) By contrast, the underlying conduct at issue in the present case occurred in the New York prison system, where the MacBallas gang is alleged to have operated. (See Indictment at 1, 3-4.) Thus, it is implausible that the alleged assault at issue here was covered by the enterprise allegations contained in the Killbrook Case indictment.

At least one other court in this district recently came to the same conclusion when faced with an almost identical argument. In United States v. Rodriguez, No. 19 CR 779, 2020 WL 5819503 (S.D.N.Y. Sept. 30, 2020), the defendant moved to dismiss the indictment based on the terms of his plea agreement in a prior case. There too, the defendant faced an indictment for participation in a racketeering conspiracy despite having entered a guilty plea that immunized him from the racketeering-conspiracy charge in a prior case. But like here, "the [later] Indictment alleges that Defendant engaged in murder on behalf of the Beach Avenue Crew, while the [earlier] Indictment and plea addressed crimes committed on behalf of the BMB gang, a distinct organization operating principally in different parts of the Bronx." Id. at *9. And "none of the other representations made by the Government or

Defendant in connection with the [earlier] charges mentioned the [charge at issue] or Defendant's involvement with the Beach Avenue Crew." Id. In light of these facts, the Rodriguez Court found that the "Defendant ha[d] not shown that the parties to the 2016 Plea Agreement reasonably understood its terms to preclude Defendant's prosecution for an unspecified murder allegedly conducted on behalf of a different criminal enterprise." Id. at *10. For principally the same reasons, this Court reaches a similar conclusion.

In an attempt to circumvent the distinctions between his indictments, Burrell argues that the Killbrook and MacBallas street gangs are in fact the same organization known by different names. (See Motion at 4-5; Reply at 1-2.) In support of this argument, Burrell claims that "upon information and belief, the Killbrook enterprise alleged in the Schofield case was comprised of members of the Bloods gang" (Dkt. No. 69, ¶ 6), and "upon information and belief, the MacBallas enterprise alleged in the instant case are a recognized set (or subdivision) of the Bloods gang" (Id. ¶ 7). Burrell argues that because "the two enterprises . . . are in fact both part of the same larger group, the Bloods gang" they "are not distinct." (See Reply at 3.) The Court is not persuaded.

First, as the Government points out, the factual assertions do not show that there is significant, if any,

6

overlap in membership of the groups besides Burrell. Thus, even taking the facts presented in Burrell's counsel's affidavit as true, the Court cannot conclude that the two groups are the same group known by two different names. That conclusion does not follow from the simple overlap of one member.

Second, as a matter of law, two groups' affiliation with a larger group, such as the Bloods gang, does not automatically render the criminal enterprise the same for purposes of the Racketeer Influence and Corrupt Organizations Act. See Boyle v. United States, 566 U.S. 938, 944 (2009) (noting that the definition of an enterprise "is obviously broad, encompassing any group of individuals associated in fact") (internal quotation marks omitted); United States v. Turkette, 452 U.S. 576, 580 (1981); see also Rodriguez, 2020 WL 5819503, at *9 (noting that the "Beach Avenue Crew" and the "BMB gang" were "distinct organization[s]" despite filings showing both were affiliated with the Bloods); see also United States v. Torres, 191 F.3d 799, 807 (7th Cir. 1999) (finding sufficient evidence of a distinct enterprise made up of only the defendants when "defendants functioned as an informal organizational unit of a larger organization"). This is especially so when, as here, the enterprise allegations in both indictments pertain specifically to the

7

activity of the subset groups and do not even mention either the name or activity of the larger group. (See Killbrook Case, Dkt. No. 2, at 2-4; Indictment at 1-3.) In sum, while significant overlap in membership and conduct of two sects of the same larger group could potentially raise thorny issues of enterprise identity, such facts are lacking in the present case.

Finally, Burrell appears to argue that it was his understanding that he would not be prosecuted for "any alleged racketeering activity that occurred between 2007 and October 2017." (Motion at 4.) But as discussed in further detail above, this understanding is contradicted by the plain, unambiguous terms of the Plea Agreement, which immunizes Burrell only for racketeering activity "*as charged in Count One*." (Plea Agreement at 2 (emphasis added).) The Killbrook Case indictment defines Count One as specifically charging Burrell for his participation in the Killbrook street gang. Thus, Burrell's understanding cannot override the plain terms of the Plea Agreement. See Rodriguez, 2020 WL 5819503, at *10.

In light of the foregoing, the Court denies Burrell's motion to dismiss the indictment.

B.  MOTION TO TRANSFER

Burrell next asks this Court to transfer this case to Judge Schofield, arguing that Judge Schofield "is fully familiar with Mr. Burrell's background" and has previously reviewed an "extensive sentencing submission" in connection with the Killbrook Case. (Reply at 4.) But this assertion overlooks the fact that this Court has already sentenced both of Burrell's co-defendants in the instant matter and thus has familiarized itself with this case and the underlying conduct at issue here. Burrell has not pled guilty in this matter, and given the Court's familiarity with the allegations, should this case proceed to trial, it is fully prepared to continue presiding over this matter. Thus, the Court is not persuaded that it would be more efficient to transfer this case to Judge Schofield. Accordingly, Burrell's motion to transfer is likewise denied.

### III. ORDER

Accordingly, it is hereby

**ORDERED** that the motion of defendant Andrew Burrell for an Order dismissing the indictment or in the alternative transferring the case (Dkt. No. 68) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
    26 May 2021

_____
Victor Marrero
U.S.D.J.